# IN THE COURT OF APPEALS OF IOWA

No. 13-0123
Filed April 30, 2014

**MAURICE EVANSTON WHITE SR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Paul L. Macek,

Judge.

        This court must determine whether a postconviction-relief applicant's

petition is time-barred. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, and Michael J. Walton, County Attorney, for appellee State.

        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

We must decide whether a postconviction-relief applicant's petition is time-barred.

## I. Background Facts and Proceedings

Twenty-four years ago, Maurice White pled guilty to first-degree theft. The district court deferred his judgment and placed him on probation for two years. White violated the terms of his probation, and his deferred status was revoked. In 1993, the district court sentenced him to a prison term not exceeding ten years.

White filed an application for postconviction relief in 2012. He alleged that he entered a guilty plea to a federal crime in 2009. He further alleged his attorney in the state theft proceeding did not tell him that his state offense "could be used to enhance any federal sentence [he] might receive in the future."

The State moved for summary disposition on the ground that White's postconviction-relief application was time barred. *See* Iowa Code § 822.3 (2011) ("All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."). The district court granted the motion and dismissed the petition. This appeal followed.

## II. Analysis

Citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), White contends "this statute of limitations should not apply because his application for postconviction

relief was based, in part, on a ground of law that could not have been discovered within the statute of limitations." The State counters that *Padilla* had nothing to do with the ground of law White raises—whether his attorney had an obligation to inform him that his state offense could be used to enhance a federal sentence. We agree with the State.

*Padilla* narrowly held "counsel must inform her client whether his plea carries a risk of deportation." 559 U.S. at 374. The opinion did not address other consequences of a plea.

White nonetheless argues for an "extension of the *Padilla* rationale beyond deportation." He contends *Padilla* called into question the accepted tenet that courts are only obligated to inform defendants of the direct, rather than collateral consequences, of pleas. To the contrary, the Court declined to decide whether the distinction between direct and collateral consequences was appropriate. *Id.* at 365. The Court explained that "[d]eportation as a consequence of a criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or a collateral consequence" and "[t]he collateral versus direct distinction is thus ill suited to evaluating a *Strickland* claim concerning the specific risk of deportation." *Id.* at 366.

The Court reiterated this point in *Chaidez v. U.S.*, 133 S. Ct. 1103, 1112 (U.S. 2013). There, the Court stated,

> We did not think, as Chaidez argues, that *Strickland* barred resort to that distinction [between direct and collateral consequences]. Far from it: Even in *Padilla* we did not eschew the direct-collateral divide across the board. Rather, we relied on the special 'nature of deportation'—the severity of the penalty and the 'automatic' way it

follows from conviction—to show that '[t]he collateral versus direct distinction [was] ill-suited' to dispose of Padilla's claim.

*Chaidez*, 133 S. Ct. at 1111–12 (citations omitted).

We conclude White failed to raise a ground of law that could not have been raised within the applicable time period. Accordingly, his postconviction relief application was untimely, and the district court did not err in dismissing it. *See Goodson v. State*, No. 10-2074, 2011 WL 6657295, at *1 (Iowa Ct. App. Dec. 21, 2011) (concluding *Padilla* did not apply to Goodson's claim that his attorney should have advised him that if he later committed and was convicted of federal drug offenses he could potentially be sentenced under the three-strikes provisions of federal law).

**AFFIRMED.**